**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4905

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH MARCEL WINGATE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-02-755)

Submitted:  October 1, 2004          Decided:  November 3, 2004

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

C. Gordon McBride, Karl H. Smith, Hartsville, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Rose Mary Parham, Assistant United States Attorney, Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenneth Marcel Wingate, Jr., was convicted by a jury of two counts of being a felon in possession of a firearm, 18 U.S.C. § 922(g) (2000), and was sentenced to 293 months of imprisonment under 18 U.S.C.A. § 924(e) (West Supp. 2004). On appeal, he raises three issues. For the reasons that follow, we affirm.

First, Wingate alleges that the gun found on March 25, 2002, should have been suppressed. We review the district court's factual findings underlying a motion to suppress for clear error and its legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court construes the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). Our review of the record reveals no reversible error.

Second, Wingate alleges that, at the close of the Government's evidence, the district court should have granted his motion to dismiss Count 2 of the indictment for possessing a firearm on May 19, 2002. Both parties agree that this is a sufficiency of the evidence claim. This court reviews such claims by viewing the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United

- 2 -

States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996). In so doing, we must "consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted). This court does not review credibility determinations. United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995). Reviewing the evidence as required, we do not find that the district court erred by denying the motion to dismiss.

Finally, Wingate alleges the Government improperly used race and gender in selecting his jury in violation of Batson v. Kentucky, 476 U.S. 79 (1986) (discussing improper use of race in jury selection), and J.E.B. v. Alabama, 511 U.S. 127 (1994) (applying Batson to improper use of gender in jury selection). We find that Wingate has waived appellate review of this issue because he did not raise a Batson claim after the district court invited an objection following jury selection. Allen v. Lee, 366 F.3d 319, 327-28 (4th Cir. 2004).

Accordingly, because Wingate's claims fail on appeal, we affirm his convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED